Fred G. ARKOOSH, Sr., Appellant,

v.

DEAN WITTER & CO., INC., a corporation, Appellee.

No. 77–1743.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 16, 1978.

Decided March 9, 1978.

Rehearing and Rehearing En Banc Denied March 28, 1978.

Richard J. Pedersen, Omaha, Neb. (argued), Gerald P. Laughlin of Baird, Holm, McEachen, Pedersen, Hamann & Haggart, Omaha, Neb., on brief, for appellant.

Eugene L. Pieper, Omaha, Neb. (argued), and Maureen Fitzgerald of Thompson, Crounse & Pieper, Omaha, Neb., on brief, for appellee.

Before GIBSON, Chief Judge, and LAY and STEPHENSON, Circuit Judges.

PER CURIAM.

Fred G. Arkoosh, a purchaser on the commodity futures market, brought this action in state court against his broker, Dean Witter & Co., Inc., seeking to recover damages for the alleged wrongful liquidation of the plaintiff's contracts by the defendant. The defendant removed the action to federal court on the basis of diversity jurisdiction. The defendant then moved for a stay of the proceedings in the district court, pursuant to 9 U.S.C. § 3, pending arbitration of the dispute according to the terms of the customer agreement between the parties. The district court granted the stay in April 1976. *Arkoosh v. Dean Witter & Co.*, 415 F.Supp. 535 (D.Neb.1976). The dispute was submitted to arbitration on January 17, 1977, and an award in favor of the defendant was rendered. Judgment was entered in the district court confirming the award of the arbitration panel. The plaintiff has appealed.

The plaintiff contends that a regulation promulgated by the Commodity Futures Trading Commission, 17 C.F.R. § 180.3, renders invalid the arbitration clause in the customer agreement.[1] The plaintiff further argues that he is entitled to a jury trial on the merits of the controversy in the district court and should not be bound by the award of the arbitration panel.

The regulation upon which the plaintiff bases his argument, 17 C.F.R. § 180.3, became effective on November 29, 1976. The regulation voided all existing pre-dispute arbitration agreements in contracts for the purchase of commodities unless certain conditions were met. *See Ames v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 567 F.2d 1174 (2d Cir. 1977). The hearing before the arbitration panel in the present case was held on January 17, 1977, and the award in favor of the defendant was entered on April 8, 1977. It was not until April 18, 1977, that the plaintiff filed a motion in the district court seeking to set aside the stay.

The district court found:

The chronological sequence thus demonstrates that plaintiff had ample time *after* the effective date of Regulation § 180.3 and *before* the submission to arbitration to urge the Court to reconsider its interpretation of the Customer Agreement. The defendant, acting in justifiable reliance upon the established law of the case, proceeded to arbitration and awaited the award of the panel. Under the circumstances, the Court concludes that plaintiff's request to reopen the decision-making process is untimely, and that to do so at this juncture would work a substantial injustice upon the defendant.

We recognize that in *Ames v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, *supra*, the Second Circuit held § 180.3 applicable to disputes arising prior to the effective date of the regulation. We also recognize that as a general rule "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice . . . ." *Bradley v. School Board of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). *See also Thorpe v. Housing Authority of Durham*, 393 U.S. 268, 281, 89 S.Ct. 518, 21 L.Ed.2d 474 (1969); *Greene v. United States*, 376 U.S. 149, 160, 84 S.Ct. 615, 11 L.Ed.2d 576 (1964). In the present

1. Section 180.3(b) sets forth certain conditions which must be met before an arbitration clause may be enforced. These include: (1) that signing the agreement not be made a condition of access to the market; (2) that the customer sign separately the clause providing for arbitration; and (3) that there be a warning in boldface type that the customer is giving up certain rights to assert his claim in court.

case the district court concluded that application of § 180.3 would work a "substantial injustice" on the defendant. The district court's finding that plaintiff failed *to timely act* in asserting his rights under the new regulation is substantiated by the evidence. To hold otherwise would allow a party to take advantage of the arbitration award if favorable and, if not, to seek setting it aside in the district court. Under governing principles we cannot say that the district court's ruling is clearly erroneous.

The judgment of the district court is affirmed.